## Evans's Estate.

*Divorce—Divorce a mensa et thoro—Widow's exemption—Alimony.*

A decree of divorce a mensa et thoro with an order for alimony at the suit of the wife will defeat her claim to the $300 exemption out of the estate of her husband at his death.

Argued Oct. 23, 1902. Appeal, No. 163, Oct. T., 1902, by Oliver Evans, from decree of O. C. Phila. Co., Oct. T., 1891, No. 277, refusing widow's exemption, in estate of Lewis B. Evans. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Petition for widow's exemption.

The petition was resisted on account of the following decree :

And now, December 9, 1893, it is ordered and decreed that

a divorce be granted unto the libellant from the respondent a mensa et thoro ; that the respondent pay the arrears of alimony due to the libellant from February 14, 1892, to this date, at the rate of $6.25 per week, being the sum of $593.81 ; and that the said alimony to be hereafter paid shall be at the said rate of $6.25 per week ; counsel fee of $50.00 is allowed to libellant's counsel, which, together with the costs of suit, including master's fee of $150, are to be paid by the respondent.

The court granted the petition and entered a decree allowing the exemption.

*Error assigned* was the decree of the court.

*Arthur S. Arnold*, for appellant.—The appellant's contention is embraced in three points :

1. That the statutes allowing a widow $300 from the estate of a decedent apply only to those cases in which, at the time of decedent's death, the family relation exists between the widow and the decedent, either actually or in contemplation of the law.

2. That a divorce a mensa et thoro, while not dissolving the marriage relation, does dissolve the family relation.

3. That the case of Hettrick v. Hettrick, being identical, and on all fours with the case at bar, rules and controls it: Hettrick v. Hettrick, 55 Pa. 290 ; Terry's App., 55 Pa. 344 ; Spier's App., 26 Pa. 233 ; Platt's App., 80 Pa. 501 ; Nye's App., 126 Pa. 341 ; Berlin Beneficial Society v. March, 82 Pa. 166.

A divorce a mensa et thoro dissolves the family relation : St. George Parish v. St. Margaret Parish, 1 Salk. 123 ; Overseers of Williamsport v. Overseers of Eldred Twp., 84 Pa. 429 ; Hettrick v. Hettrick, 55 Pa. 290.

*E. Hunn Hanson*, with him *Pierce Archer*, for appellee.—A widow is entitled to the exemption where the family relation either actually or constructively exists at the time of the husband's death ; and the family relation exists constructively where, without fault of the wife, the relation is suspended by the act of the husband : Terry's App., 55 Pa. 344 ; Coates's Est., 6 W. N. C. 367 ; Garrett's Est., 14 W. N. C. 310 ; Wright's Est., 5 Pa. C. C. R. 228 ; Scullin's Est., 5 Pa. C. C. R. 188 ; Simpson's Est., 5 Pa. C. C. R. 326.

In every case in which the family relation did not by intendment of law exist, the wife either directly or indirectly was in fault: Tozer v. Tozer, 2 Am. Law Reg. 510; Spier's App., 26 Pa. 233; Odiorne's App., 54 Pa. 178; Platt's App., 80 Pa. 501; Nye's App., 126 Pa. 341; Welsh Est., 5 Pa. Dist. Rep. 675.

OPINION BY WILLIAM W. PORTER, J., November 19, 1902:

Does a decree of divorce a mensa et thoro at the suit of the wife defeat her claim to the $300 exemption out of the estate of her husband at his death? The court below has decided that it does not. No authority is needed for the statement that the right to the exemption is dependent upon the existence of a family relation at the time of the decedent's death. The question is thus narrowed to the inquiry: To what extent does a decree of divorce a mensa et thoro affect such relation? The court below ascertained by an examination of the record of the divorce proceedings that the separation between the husband and wife was attributable to the fault of the husband. From this the court drew the conclusion that the wife remained in the same position as if she had passively remained apart but ready at all times to re-establish the family relation. This is not a true view of the status of the parties. By her voluntary act the wife raised a barrier to the family relation and procured by compulsion from her husband the means to live apart from him. The family relation was severed so long as the decree of divorce stood unchallenged and unaffected by proof of acts or overtures by the parties showing intention or agreement to remove the bar of the decree. That severance of relation is intended to be the effect of the decree a mensa et thoro is manifest from the terms of the act of February 26, 1817, providing for the continuance and force of the decree and the methods by which its effect may be diminished or overthrown. The descriptive title of the proceeding itself indicates that its purpose is to affect the conjugal and family relation.

The case before us is not that of a wife who, deserted by her husband without provision for her support, "kept the children and maintained her family relation along with them so far as it lay in her power" without moving for decree of divorce. Such were the facts in Terry's Appeal, 55 Pa. 344, where it was held that the family relation continued to exist in contemplation of law, and that the widow was entitled to the exemp-

tion. The present case more closely resembles in its facts the case of Hettrick v. Hettrick, 55 Pa. 290, where the wife commenced proceedings for a divorce a mensa et thoro and alimony alleging cruel and barbarous treatment. The cause did not proceed regularly to a hearing, but by consent the facts stated in the pleadings were withdrawn and a decree for alimony made. The alimony was paid until the death of the husband, and on petition the widow was refused the $300 exemption. The court there said : " From these facts it is very clear the parties consented to a separation and a provision for maintenance of the wife so long as it lasted and it did continue until the husband's death. There can be no doubt upon these circumstances of the breaking up of the family relation and that it never was renewed." From the quotation it would seem as if the court determined the status of the parties upon the basis of an agreement of separation implied from the state of the record in the divorce proceedings. But a proceeding in divorce with alimony ordered to be paid pendente is no better ground for inferring a consent to a separation on the part of a wife than (as found here) a proceeding in divorce a mensa et thoro prosecuted to decree including an order for alimony carried out until the death of the husband. Whatever the original cause of the separation the wife acquiesced in its continuance; fortified her position by judicial decree and compelled support in the form of alimony. In the absence of any evidence of overtures looking to reconciliation or reunion, the decree may also be regarded as proof of assent by the husband to the severance of relation. Furthermore, in the case cited the decree for alimony was " made with the same effect as if the cause had been tried and a verdict for the plaintiff," and it recited that it was agreed that the proceedings should " have the same force and effect as if it had been attained by an adverse proceeding and decree of the court." There thus appears of record in the case of Hettrick v. Hettrick a decree entered by the court with the effect of a final decree and an order for alimony. Whether, therefore, the opinion in that case is based upon a constructive agreement of separation or, as the record shows, on a decree of divorce and alimony, the case is an authority in point.

The order of the court below is reversed and the petition is dismissed.