## Main's Estate.

*Decedents' estates—Widow's exemption—Forfeiture of right by divorce proceedings—Act of June 7, 1917.*

A widow by voluntarily instituting divorce proceedings in another state in the lifetime of her husband thereby breaks the family relation and forfeits her right to the exemption allowed under the Act of June 7, 1917, § 12 (a), P. L. 447.

Petition for widow's exemption. O. C. Lackawanna Co., No. 1175 of 1923.

F. E. Scott, for petitioner; W. M. Bunnell, contra.

SANDO, P. J., Oct. 23, 1924.—Charles A. Main, who died Oct. 17, 1923, in the Township of Dimmock, Susquehanna County, and whose residence is claimed as the City of Scranton, in the County of Lackawanna, left surviving him a widow,. Sarah A. Main, who filed her petition for the widow's exemption allowed under section 12 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, which alleged, *inter alia*, that she was married to the decedent on May 26, 1921, and lived and cohabited with him from that date until June 11, 1921, upon which date she was forced to leave his home as the result of the misconduct of her husband, to which the answer was filed by Frank K. Main, a son, who is the administrator of the estate of the decedent, which, *inter alia*, denies any ill-treatment or misconduct on the part of the decedent, and avers that the petitioner left the home of her husband with the express intention of deserting him, which desertion continued for upwards of two years.

From an exemplification of the record produced in the case of Com. v. Charles A. Main, Sarah A. Main, prosecutor, in the Court of Quarter Sessions of Susquehanna County, in which the defendant was charged with desertion, it appears that the court adjudged him guilty of desertion, and an order was

Main's Estate.

made on Aug. 18, 1921, by Judge Smith, directing him to pay his wife the sum of $30 per month and the costs of prosecution, which order the court on a subsequent application refused to modify. It was admitted that Charles A. Main complied with the order of court and made the monthly payments up to and including Sept. 11, 1923.

At the hearing, it was admitted of record on behalf of the petitioner that Sarah A. Main filed in the Circuit Court of Cook County, in the State of Illinois, on Oct. 15, 1923, to No. B 102, 727, her bill for divorce.

It was also admitted of record that, at the time of the death of Charles A. Main, proceedings in divorce were pending in the Court of Common Pleas of Lackawanna County, entered to No. 195, June Term, 1923, instituted by Charles A. Main against Sarah A. Main, on the ground of wilful and malicious desertion.

In the instant case the question at issue must be determined upon the meaning in which the word "forfeited" is used in section 12 *(a)* of the Fiduciaries Act of June 7, 1917, P. L. 447, which increases the amount of the widow's exemption out of her deceased husband's estate and makes no other change as compared with the Act of April 14, 1851, § 5, P. L. 613, except in the matter of procedure.

In Crawford's Estate, 81 Pa. Superior Ct. 222, 224, Judge Porter said: "The Act of 1851 did not expressly provide for any forfeiture of the right of the widow to exemption, nor was there any other legislation specifying the grounds upon which a forfeiture should occur. The Supreme Court held that, under the provisions of the statute, the right to the exemption was dependent upon the existence of the family relation, unless the separation had occurred through the fault of the husband. When the Act of 1917 was adopted, it clearly declared the legislative intention to be that the widow might 'forfeit her rights,' but did not specify the grounds upon which such forfeiture might occur."

No authority is needed for the statement that the right to the exemption is dependent upon the existence of the family relation at the time of the husband's death: Evans's Estate, 21 Pa. Superior Ct. 430. It is a privilege to retain or claim and not an absolute transfer of part of the husband's estate, and was not designed as a statute of distribution. It is grounded upon the existence of family relation, the severance of which by the death of the husband and the consequent withdrawal of his support involves the widow frequently in great pecuniary distress. If the wife was not, at the time of his death, a member of the family of her husband, the presumption is that she was not dependent upon him for maintenance and was not a subject for the operation of the statute. Being a pure gratuity intended to provide for the immediate use of a family suddenly deprived of its head, it is not given to her as such widow, but to her as the surviving head of the family, and she must be either actually or constructively in the family at the time of the husband's death.

The record of the Quarter Sessions in a proceeding for non-support and desertion, although persuasive evidence in a collateral proceeding, is not conclusive thereof: Phillips's Estate, 271 Pa. 129.

In Hettrick *v.* Hettrick, 55 Pa. 290, it was decided that where the family relation has been broken up and the wife is living apart from the husband with a provision for maintenance, though called alimony, and so continues at the husband's death, she is not entitled to the exemption.

Whatever the original cause for the separation, the petitioner here acquiesced in its continuance; justified her position by judicial decree in providing

*Main's Estate.*

support; by her voluntary action in instituting divorce proceedings in the State of Illinois she raised a barrier to the family relation and forfeited her right under the statute to claim the widow's exemption.

And now, Oct. 23, 1924, the petition of Sarah A. Main is dismissed.

From William A. Wilcox, Scranton, Pa.