## Reading Iron Works—Sweatman's Appeal.

[Marked to be reported.]

*Assigned estates—Distribution—Claim due.*

In the distribution of an assigned estate those only are entitled to share who have a definite demand or cause of action capable of adjustment or liquidation at the time of the assignment.

*Landlord and tenant—Insolvency of tenant—Lease.*

A prospective landlord, at the request and for the accommodation of a prospective tenant, purchased a lot and erected a building for the tenant, under an agreement that the tenant should lease the premises for a term of years, to compensate the landlord for his investment. A lease was executed, binding upon successors, executors, administrators and assigns, with covenants to pay rent, and to terminate the lease for breach of covenants or conditions, without release of damages for such breach. The tenant made an assignment for benefit of creditors prior to the termination of the lease and the assignee abandoned the premises.

*Held,* that the landlord had a present cause of action against the tenant, for damages for failure to compensate the landlord for his investment under the agreement.

*Lease—Prior parol agreement.*

A lease must be read in the light of the previous agreement out of which it arose, in order if practicable to give effect to the actual understanding and agreement of the parties. Cadwallader v. Express Co., applied.

*Lease—Breach of covenant to pay rent.*

Query, whether a lessee's assignment for creditors and abandonment of the premises during the term amount to a breach of the covenant to pay rent so that the lessor may have a present cause of action for damages for rent not yet accrued.

*Auditor's finding of fact—Inferences.*

An auditor's finding of fact which does not rest on the testimony but is merely an inference drawn by him from other facts, has not the value to which his finding of fact is ordinarily entitled before the court.

Argued March 3, 1892. Appeal, No. 307, Jan. T., 1892, by Virtue C. Sweatman, from decree of C. P. Berks Co., dismissing exceptions and confirming report of auditor to distribute assigned estate. Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

The claim was for damages for breach of covenant to pay rent. The facts appear by the opinion of the Supreme Court.

The auditor, H. Willis Bland, cited and relied upon Jordan

v. Porter, 107 Pa. 84; Bosler v. Kuhn, 8 W. & S. 183; Snyder & Cadwallader's Est., 8 Phila. 302; and Greenl. Cruise on Real Prop., title 28, §§ 2 and 3, and continued: "The learned counsel of Mr. Sweatman have referred the auditor to the following cases: Fisher v. Milliken, 8 Pa. 111; Auer v. Penn, 99 Pa. 370; Ashley v. Warner, 11 Gray, 43; Remelee v. Hall, 31 Vt. 582; Wetmore v. Jaffray, 9 Hun, 140; Masterton v. Mayor of Brooklyn, 7 Hill, 62; Shaffer v. Lee, 8 Barb. S. C. 412; Penn Iron Co. Lim. v. Diller, 113 Pa. 635; Pittsburgh & Connellsville R. R. Co.'s Ap., 99 Pa. 177; Koch & Balliet's Ap., 93 Pa. 434; Mellon's Ap., 32 Pa. 121; Patten's Ap., 45 Pa. 151. . . . . None of these cases, in the judgment of the auditor, bear upon the question before him. They are all cases of ordinary contract, and, although in some of the cases the damages allowed were prospective, yet the contracts were entire and the breaches were entire, and, immediately upon the breach in each of the cases, a right of action accrued for the damages consequent upon the breach; in other words, the relation of debtor and creditor existed: but in the case before the auditor there was no breach at the time of the assignment, as all the rent which had accrued up to that time had been paid; and as to any rent that has accrued since or may accrue hereafter during the term named in the lease, it became and will become a debt of the Reading Iron Works only when and as it has and shall accrue. But in every instance it will have become a debt after the assignment. But those only who were creditors at the time of the assignment are entitled to share in the assigned estate, and, as Mr. Sweatman does not belong to that class, he is not entitled to participate in the fund for distribution."

Exceptions alleged, *inter alia*, that auditor erred (1) in disallowing appellant's claim; (2) in not holding the damages by reason of breach a debt entitled to share in the fund; (4) in treating the claim as for rent; (5) in not finding that appellant's claim was a debt at the time of the assignment; (6) in not finding that the liability for damages related to the time of the execution of the lease. The court dismissed the exceptions and confirmed the report, whereupon appellant took this appeal.

*Errors assigned* were (1-5) dismissing exceptions as above, quoting them; and (6) confirming report, etc.

*John S. Freeman, John F. Keator* with him, for appellants.—
The covenants were for the full term of ten years. Liabil-
ity under them arose at the execution of the lease, and was
commensurate with the amount of rent for the entire period.
Covenants in a lease are governed by the same rules as cove-
nants in other agreements. The modern lease is two-fold, the
lease proper and covenants for damages. The first has certain
preferences, by common law and statutes ; the other, not.
Cases where suit is brought after vacation of premises are
founded on the covenants to pay : Auer v. Penn, 99 Pa. 370.
That in those cases the actions were brought after the lease
had expired is no reason why damages may not be liquidated
any time during the term. The breach being admitted, and
the damages being capable of liquidation, they could be re-
duced to judgment. *A fortiori* a covenant to pay rent *in futuro*
is a present liability, similar to a bond for a gross sum payable
in instalments. Non-payment of rent or non-payment of an
instalment calls into existence rights that were latent, but
these have respect to the remedy, and, waiving the rights pe-
culiar to landlords, they are the same in either case.

While the precise question has not been decided, the princi-
ples have been applied. In Mellon's Ap., 32 Pa. 121, the cove-
nants in an agreement of sale to pay bonds were held, on
breach, to carry a debt which was entitled to a share of the
fund assigned, although at the time of the assignment no in-
stalment was due. In Patten's Ap., 45 Pa. 151, the promissory
notes had not matured, nor had the merchandise, for which
they had been given, been delivered. Counsel argued that a
promise to pay at a future day involved an engagement of
ability to pay, which was broken by insolvency.

Bosler v. Kuhn, 8 W. & S. 183, was covenant for ground
rent and one of the defendants pleaded a discharge in bank-
ruptcy. The court held the bankruptcy Act did not apply.
The latter part of the opinion applies only to the facts of that
case. Snyder & Cadwallader's Est., 8 Phila. 302, was a claim
for rent and not for damages. The judge in that case miscon-
strues Bosler v. Kuhn.

Appellant's claim could not be proved in bankruptcy, be-
cause expressly excluded. It would be included under the
English bankruptcy Act, 32 and 33 Vict., c. 71, § 23 ; Hide's

Case, L. R. 7 Ch. Ap. 28. If this Act were in force here ap-
pellant's claim could not have been excluded. There is no
such legislation as to assigned estates. It is only necessary
that the claim shall be a valid claim at the time of assign-
ment.

We also refer to the cases cited by us before the auditor.
In Jordan v. Porter, 107 Pa. 84, the notes, upon which alone
the claim was based, had no existence at the time of the as-
signment.

*George F. Baer*, for appellee, furnished no paper book.

OPINION BY MR. JUSTICE WILLIAMS, July 13, 1892.

If the appellant's claim in this case was for rent to fall due
in the future, as the learned auditor held, the action of the
court below could not be successfully attacked. In the distri-
bution of a fund the general rule undoubtedly is that those
only are entitled to share who have a definite demand against
it, or a cause of action capable of adjustment and liquidation
upon trial. *Id certum est quod certum reddi potest.* But
the appellant denies that his demand is for rent, and insists
that it is for damages resulting from a breach by the Reading
Iron Works of its contract with him. This was his conten-
tion before the auditor who found, from the evidence submitted
to him, the facts to be as follows: The appellant bought a lot
at Fifth and Adelphi streets, Philadelphia, and erected there-
on an expensive building, at the request and for the exclusive
use of the Iron Works. The general plan and arrangement of
the building was furnished, and its erection directed and su-
pervised by the officers of the company. As an inducement
to the appellant to make the large expenditure proposed, it
was agreed that the company should lease the premises when
ready for occupancy for a term of ten years at an annual rent
equal to nine per cent on their cost. The board of directors
adopted a resolution authorizing their president to execute a
lease for the premises " to Virtue C. Sweatman in accordance
with the agreement made with Mr. Sweatman prior to the pur-
chase and building of said premises." A lease was accordingly
executed by him on behalf of the Reading Iron Works for
ten years from April 1, 1888, at an annual rent of ten thousand
six hundred and two dollars and one cent ($10,602.01) payable

READING IRON WORKS. 373

monthly on the first day of each month. The company became insolvent and made an assignment for the benefit of creditors in May, 1889. The premises were vacated by the assignee on July 31, 1889, to which time rent was paid. Since that time they have been unoccupied or rented for a smaller sum because of their peculiar arrangement and construction which, while adapting them to the business of the Reading Iron Works, rendered them inconvenient for other business purposes. The loss to Mr. Sweatman in rent for the remainder of the ten years the auditor fixes at forty thousand dollars. The parties agreed before Sweatman resumed possession, that he should do so and " make the best arrangements he can for renting the property ; and that his action shall in no wise prejudice his claim against the assigned estate."

The single question presented on these facts is " Has Mr. Sweatman a cause of action against the Reading Iron Works for damages because of their failure to pay him as they agreed to do, for his investment made at their request and for their accommodation ? " The learned judge of the court below concurred with the auditor in the opinion that this question should be answered in the negative. The reason given for this answer seems to be that the execution of the lease by the Reading Iron Works was a complete performance on its part of the previous parol agreement; so that all rights under that agreement were extinguished thereby, and it is not now to be regarded for any purpose affecting the rights of either party to it. This conclusion seems to us to be inconsistent with the findings of fact to which we have referred. It is true that the auditor also found as a fact that the parties intended that the written lease should after its execution be the only agreement between them relating to the premises on Fifth street; but as this finding does not rest upon the testimony, but on an inference drawn by the auditor from other facts, it has not the value to which a finding of fact is ordinarily entitled.

The facts found show that the lot was purchased and the building erected at the instance and for the accommodation of the company. Mr. Coit, the president, testified : " It was built expressly for the business for which it was occupied." The inducement to Sweatman to make the investment was the promise that he should be paid in rent nine per cent on the whole

amount for ten years. This was the parol agreement. In pursuance of it a lease was executed containing an express covenant to pay the rents " on the days and times when the same ought to be paid according to the stipulation thereof." The lessor reserved the right to terminate the lease for the breach of any condition or covenant, but stipulated that his action in so doing should not relieve the tenant from liability in damages for such a breach ; and that the lease, with all its conditions, covenants and promises, was made binding upon the successors, executors, administrators and assignees of lessor and lessee respectively. If we read this lease in the light of the previous parol agreement under which the lot was purchased and the building erected, it will be evident that the parties intended to secure for Mr. Sweatman the compensation for his investment which that contract promised him as the inducement to make it. We have recently held in the Express Company v. Cadwalader et al., decided at the present term, that such a lease must be read in the light of the previous agreement out of which it arose, in order, if practicable, to give effect to the actual understanding and agreement of the parties. If, therefore, we adopt the conclusion of the auditor that " it was the intention of the parties that all prior understandings, negotiations and arrangements should be merged in the lease," and that as a result of this intention the lease must be held to contain " the entire and only contract between the parties to it" relating to the building on Fifth street, we must also conclude that they understood the lease for a term of ten years, with its covenants, to impose the same obligation on the company to make, and conferred the same right on the lessor ·to demand, compensation for the use of his capital invested, as the parol agreement that preceded it. If the lease was not the legal equivalent, the formal embodiment of the previous agreement, the latter would not merge in the former, and the finding of the auditor that the parties intended a merger would have nothing on which to rest. In that event the parol agreement would survive and the claim for damages could rest safely upon it. But if we adopt the other view and hold that the lease with its covenants superseded the parol agreement, then the assignment for the benefit of creditors and the vacation of the premises may be treated as a breach of the agreement to occupy

and pay rent for the term of ten years, which entitled the lessor to damages.

It takes two to annul as well as make a contract. If the lessor elect not to proceed for damages but to look to the lessee for rent as it falls due under the lease, the lessee could make no defence to an action. His assignment may relieve him from his debts as they stood at that date, but it cannot relieve. him from his contracts to be performed in the future. An abandonment or surrender of leased premises will not relieve the tenant or his surety from future liability unless the lessor accepts the surrender: Am. & Eng. Ency. of Law, vol. 12, page 752; Wood on Landlord and Tenant, 840. In this case it was agreed that the lessor should resume possession and rent the premises to the best advantage he could without affecting his rights under the lease. This was in effect an election by the lessor not to stand upon the covenant to pay rent during the remainder of the term, but for the benefit of both lessor and lessee to secure from the abandoned premises all that was practicable, holding the tenant liable in damages only for the actual loss sustained. The present value of the loss to be sustained for the remainder of the term may be ascertained and the damages liquidated. This the auditor has done. For these damages the lessor has a present cause of action, Lothrop v. Reed, 13 Allen, 294, and for that reason a right to share in the fund. The demand is not for rent, eo nomine, for under the agreement the lessor has rented the premises to others. It is for the loss he suffers by reason of the difference of the rentals now obtainable in consequence of the peculiar arrangement and construction of the premises, and the rental agreed upon as an inducement to him to make the investment for the use of the company.

The decree appealed from is reversed so far as relates to the appellant, the costs of this appeal to be paid by the appellee.