## Birchard's Estate.    Birchard's Appeal.

*Decedent's estates—Husband and wife—Desertion—Act of May 4, 1855—*
*Evidence.*

A bond to the commonwealth, in which the fact of a husband's desertion of his wife is distinctly set forth and in which the husband binds himself to the payment of a weekly sum for the support of his wife, is sufficient evidence to support the finding of an auditor, that the husband had willfully and maliciously deserted his wife, and that he was therefore, under the act of May 4, 1855, P. L. 430, not entitled to share in the distribution of her estate.

Argued Jan. 26, 1893.   Appeal, No. 95, Jan. T., 1893, by Charles H. Birchard, from decree of O. C. Phila. Co., dismissing exceptions to adjudication of executors' account in estate of Sibylla C. Birchard, deceased.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Audit of executors' account.

At the audit, Charles H. Birchard, the husband of decedent, claimed to share in the distribution of the estate.   The facts were found as follows by the auditing judge, HANNA, P. J.:

" The single question is, did the husband of testatrix desert her willfully and maliciously, that is, without reasonable cause, for upwards of one year prior to her death?   If so, then the act of 1855 applies and he has forfeited all share in her estate, and cannot elect to take against her will.

" It did not appear when testatrix and her husband were married.   But they were boarding together in this city in March or April, 1881, and the husband of testatrix left her alone at her and his boarding house in September, 1881, without money wherewith to pay her board, and there she remained some three weeks afterwards upon the charity of her landlady.   Testatrix and her husband never lived together after he left her in September, 1881.   He contributed to her support and she also taught in schools as long as her health permitted.   It did not appear that the husband of testatrix had any sufficient or legal reason for his desertion of his wife.  Nor did it appear that, up to the date of her death, he ever requested her to live with him

or offered to provide her a home. In reply to this testimony, it was attempted to show that testatrix voluntarily agreed to the separation of her husband from her. But of this there is no evidence. The most that was proved was that some months after her husband deserted her, she agreed to the suggestion of a friend of her husband that an allowance would be made by her husband for her support. And in pursuance of this, her husband agreed to the order of the court, and to give bond to secure the weekly payments of six dollars per week. But it was not proved that testatrix ever entered into any agreement with her husband that they should live separate and apart from each other. The fact that the husband of testatrix left and deserted her therefore clearly appears, and is not denied. Nor was any reasonable cause shown for his desertion. This being the case, the law presumes there was no reasonable cause for the desertion, and it was therefore a willful and malicious desertion, and the burden is on the husband to show a reasonable and lawful cause. Hahn v. Bealor, 132 Pa. 242.—In this case McCollum, J., said on page 256 : ‘ Where an unexplained desertion appears, it is presumed to be willful and malicious, and it lies on him to show reasonable and lawful cause for it. If he cannot justify his abandonment of her by evidence which would entitle him to a divorce, he cannot have the rights of a husband in her estate.’

" This disposes of the claim of the husband in this case, and it is disallowed."

Exceptions to the adjudication were dismissed by the court, in an opinion by Ashman, J., 1 Dist. R. 185.

*Errors assigned* were dismissal of exceptions, quoting them.

*Avery D. Harrington*, for appellant, cited: Hahn v. Bealor, 132 Pa. 242; Butler v. Butler, 1 Parsons, 329; Simpson v. Simpson, 27 Mo. 288; Ingersoll v. Ingersoll, 49 Pa. 249; Bauder's Ap., 115 Pa. 480.

*Arthur M. Burton*, for appellees, cited: Bauder's Ap., 115 Pa. 480; Bealor v. Hahn, 117 Pa. 169; Cattison v. Cattison, 22 Pa. 275; Ingersoll v. Ingersoll, 49 Pa. 249; McClurg's Ap., 66 Pa. 366; Detrick's Ap., 117 Pa. 452 ; Van Dyke v. Van Dyke, 135 Pa. 466.

PER CURIAM, February 6, 1893:

The learned court below excluded the appellant from participating in the distribution of his wife's estate for the reason that he had willfully and maliciously deserted her, and that he had persisted in such desertion for a period of more than one year prior to her decease. The act of May 4, 1855, provides that a husband, who, for one year has willfully refused or neglected to provide for his wife, or who for that period has willfully and maliciously deserted her, shall have no claim upon her real or personal estate after her decease, as tenant by the curtesy, or under the intestate laws. There is no dispute about the law: the contention is as to its application to the facts of this case. The appellant alleges that there was no such desertion as is contemplated by the act of assembly. This raises a question of fact which has been decided against the appellant by the learned judge of the court below. We think there was sufficient evidence of desertion to have submitted to a jury, and to have sustained a verdict against the appellant. It shows that when he was threatened with legal proceedings in the court of quarter sessions in and for the county of Philadelphia for the non-support of his wife, he consented that an order should be entered against him, and pursuant thereto he executed a bond to the commonwealth in which the fact of his desertion was distinctly set forth, and in which he bound himself to the payment of a weekly sum for the support of his wife. The appellant contends that this record was not conclusive evidence of the fact of desertion. If we concede this it does not help him. It was competent and persuasive evidence over which a jury would not long hesitate, and with the other evidence in the case was amply sufficient to justify the finding of the learned auditing judge. We think the appellant had no claim upon the estate of his deceased wife.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.