## Pruski's Appeal.

Argued May 1, 1942.

Before Keller, P. J., Cunningham, Baldrige, Rhodes, Hirt and Kenworthey, JJ.

*Solomon Abrams*, with him *Samuel Krimsly*, for appellant.

*Blair F. Gunther*, for appellee.

Opinion by Rhodes, J., July 23, 1942:

Mary Pruski died intestate on October 28, 1939. Her surviving husband has appealed from a decree of the orphans' court distributing the estate of his deceased wife to her children. In this distribution appellant is excluded for the reason that he wilfully neglected to provide for his wife for more than one year before her death. Section 5 of the Act of June 7, 1917, P. L. 429, 20 PS §41, provides: "No husband who shall have, for one year or upwards previous to the death of his wife, wilfully neglected or refused to provide for his wife, or shall have for that period or upwards wilfully and maliciously deserted her, shall have the right to claim any title or interest in her real or personal estate after her decease, under the provisions of this act."

Appellant and deceased were married in 1932 and lived together in Pittsburgh until March, 1937. At that time appellant left their home because of a controversy with a stepdaughter who had him arrested on a charge

of assault and battery. His departure was not caused by any act of deceased, and she never released him from his obligation to maintain and support her. Thereafter they lived apart in the city of Pittsburgh, and he did not provide her with any maintenance or support. She was supported by her children. Prior to his withdrawal from their home he was employed and contributed something toward her support, but after March, 1937, he made no offer of any kind to support her or live with her. His excuse for the separation was that he could not get along with his wife's children of a former marriage. If this was the reason for his action it would seem that he should have furnished a home for his wife elsewhere. However, for five years he had lived in a home maintained largely by others, and after leaving his wife there he never returned, and apparently assumed that others would care and provide for her. The extent of his concern was to call on her in the hospital two or three times, and on these occasions he was more or less intoxicated. He did not attend her funeral, and the expenses were paid by her estate. We find no basis for appellant's assertion that the separation was by mutual consent. There is no dispute about the fact that from March, 1937, until his wife's death in October, 1939, he entirely neglected to support her or provide for her. That this neglect was wilful is clearly shown by his conduct. He avoided and ignored his marital obligations and manifested scant interest in his wife's welfare. He presented no plausible or reasonable excuse for his neglect to provide or for his continued separation.

The auditing judge in his opinion properly concluded: "When a man wilfully fails to support his wife and refuses to live a sober and decent life with her, the law prevents distribution to him if she so desires. It would be a narrow view of the law to say that the present claimant has not wilfully neglected to provide for his wife."

The evidence justifies the conclusion of the auditing judge that appellant was guilty of wilfully neglecting to provide for his wife within the meaning of section 5 of the Act of 1917, 20 PS §41; and the decree of the court below logically followed the finding, which the evidence warrants, that appellant wilfully neglected to provide for her for more than a year prior to her death. In view of this finding, the question of desertion is immaterial. *Nixon's Estate*, 104 Pa. Superior Ct. 506, 513, 159 A. 172. The findings of fact of the auditing judge are conclusive, especially if affirmed by the court in banc, when supported by the evidence. *Finch's Estate*, 86 Pa. Superior Ct. 238; *Curry's Estate*, 123 Pa. Superior Ct. 371, 372, 187 A. 218; *Rudolph's Estate*, 128 Pa. Superior Ct. 459, 461, 194 A. 311.

The decree is affirmed, at the cost of appellant.