J-A18022-17

2017 PA Super 393

| IN RE: ESTATE OF THOMAS PAUL SCARPACI, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: PATRICIA A. SCARPACI | No. 1741 WDA 2016 |

Appeal from the Order Entered October 18, 2016
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 02-13-07272

BEFORE:  BOWES, J., LAZARUS, J., and OTT, J.

OPINION BY LAZARUS, J.:                    FILED DECEMBER 13, 2017

Patricia A. Scarpaci ("Wife") appeals from the order entered in the Court of Common Pleas of Allegheny County, Orphans' Court Division, denying and striking her claim to a spousal share of the Estate of Thomas P. Scarpaci, Deceased ("Decedent") on the basis that she forfeited her claim pursuant to 20 Pa.C.S.A. § 2106.  Upon careful review, we reverse.

Decedent died, intestate, on October 9, 2013.  He was survived by Wife, two adult children from a prior marriage and two minor children from his union with Wife.  At the time of Decedent's death, he and Wife were estranged and in the midst of divorce proceedings initiated by Wife.  During the marriage, Wife leveled allegations of abuse against Decedent, whom she alleged to be an alcoholic.  On July 26, 2005, Wife filed a petition for protection of abuse ("PFA") against Decedent, alleging that, while drunk, Decedent pushed and

slapped her and engaged in generally abusive behavior. The court granted Wife a temporary PFA order excluding Decedent from the marital residence[1] pending a final hearing. Prior to the final hearing, Wife withdrew the petition.

On January 23, 2008, Wife filed a complaint in divorce. On July 16, 2009, Wife filed a "Petition For Special Relief and For the Exclusive Right to Reside in the Marital Residence." In support of her claim for relief, Wife alleged the following:

> Defendant is an alcoholic who drinks excessively every night. He intimidates the children and his wife by swearing at them, belittling them and threatening them. He eats like an animal by tearing into packages of food and making a mess on counters and floors. He stays up all night and disturbs the children and wife's sleep by opening and closing doors, getting chopped ice, running the water for extended periods of time and running the toilet improperly by holding the handle until it sticks in place all night and runs. The [p]etitioner's children called police to their residence on 1/9/02 when they witnessed the defendant kicking the petitioner. The police were called numerous times following this for the defendant's drunken behaviors. In 2004, CYF escorted petitioner and petitioner's eldest daughter home from the high school since they feared for their safety from the defendant's alcoholic rage from that morning. On 7/25/05, the petitioner filed for a protection from abuse [order] against the defendant after he pushed and slapped her in one of his drunken rages.

Brief in Support of Patricia Scarpaci's Assertion of Her Rights as Surviving Spouse, 2/12/16, at Exhibit [2] ("Petition for Special Relief"). On September 4, 2009, the court issued an order directing Decedent to move from the marital residence within 75 days and to complete an alcohol evaluation. The Decedent died before a decree in divorce was entered.

_____

[1] Wife was the sole owner of the marital residence.

Wife petitioned for and received letters of administration on Decedent's estate. On April 22, 2015, Wife filed an Inheritance Tax return reflecting that Decedent's assets were to be distributed in equal shares to his four children. On May 25, 2015, Wife filed a Certification of Notice Under Rule 5.6(a)[2] in which she named herself, as well as Decedent's four children, as the beneficiaries of his estate. On November 9, 2015, Wife's counsel faxed to counsel for Decedent's two adult children ("Appellees") an unsigned copy of a petition for adjudication and statement of proposed distribution indicating that the estate would be divided equally amongst the Decedent's four children. This document was never filed of record. On November 13, 2015, Wife's counsel faxed to Appellees' counsel a revision to the statement of proposed distribution reflecting that Wife would be taking her spousal share. This document was signed by Wife but, again, was never filed of record.

At the audit of the account, counsel for the Appellees raised an oral objection to Wife's decision to take her spousal share. The Orphans' Court held a status conference, but the parties were unable to resolve their issues. The court concluded that the facts were not in dispute, and ordered the parties to submit briefs, upon which the court would decide the matter. On October 17, 2016, the court issued an order in which it held that: (1) "the election by

_____

[2] Former Pa.O.C.R. 5.6 required that, within three months of the grant of letters, the personal representative send written notice of estate administration to, as relevant here, every person entitled to inherit as an intestate heir. Effective September 1, 2016, Rule 5.6 was renumbered as Rule 10.5, which remains substantively identical to the former rule.

Patricia A. Scarpaci under 20 Pa.C.S.A. Section 2201, et seq., and specifically Section 2203 be denied and stricken," and (2) "that Patricia Scarpaci's claim to an intestate share of the Decedent's Estate under 20 Pa.C.S.A. Section 2102(4) is denied and forfeited pursuant to 20 Pa.C.S.A. Section 2106 and 2208." Orphans' Court Order, 10/17/16.

This timely appeal follows, in which Wife raises the following issues for our review:

> 1. Whether the [Orphans' Court] erred as a matter of law and by misapplying the law to the facts and evidence of record by stating that an election was required by the surviving spouse to assert and claim her intestate share of the Decedent's estate?
>
> 2. Whether the [Orphans' Court] erred as a matter of law and by misapplying the law to the facts and evidence of record by denying the surviving spouse's intestate share of the Decedent's estate?
>
> 3. Whether the [Orphans' Court] erred as a matter of law and by misapplying the law to the facts and evidence of record by ruling that the surviving spouse had forfeited her intestate share of the Decedent's estate?

Brief of Appellant, at 1 (renumbered for ease of disposition).

We begin by noting our standard and scope of review:

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. The Orphans' Court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law.
>
> This Court's standard of review of questions of law is de novo, and the scope of review is plenary, as we may review the entire record

- 4 -

in making our determination. When we review questions of law, our standard of review is limited to determining whether the trial court committed an error of law.

In re Fiedler, 132 A.3d 1010, 1018 (Pa. Super. 2016).

Wife first asserts that the Orphans' Court erred by finding that a timely election was required to assert and claim her intestate share of the Decedent's estate. We agree. Wife asserted a claim to a spousal share under 20 Pa.C.S.A. § 2102, pursuant to which she would be entitled to one-half of the Decedent's intestate estate.[3] The Orphans' Court, apparently conflating the spousal share with the elective share, denied Wife's claim to a spousal share because she did not file an election within six months of the date of probate as required under 20 Pa.C.S.A. § 2210(b). However, section 2210 pertains to the procedure for claiming an elective share, which applies only to the surviving spouse of a decedent who dies testate. Decedent in this matter died intestate. Wife's entitlement to a spousal share under section 2102 is entirely unrelated to the elective share provisions and, as such, is not subject to the time limitations set forth in Chapter 22. Accordingly, the Orphans' Court erred in applying section 2210 to deny Wife a spousal share.

Wife's remaining claims are intertwined. Wife asserts that the Orphans' Court erred in concluding that she forfeited her share of Decedent's intestate

---

[3] Where, as here, a decedent dies leaving issue, one or more of whom is not the issue of the surviving spouse, the surviving spouse is entitled to one-half of the intestate estate. 20 Pa.C.S.A. § 2102(4).

estate under subsections (a)(1) and (a)(2) of the forfeiture statute, 20 Pa.C.S.A. § 2106, which provides, in relevant part, as follows:

(a) Spouse's share.--

(1) A spouse who, for one year or upwards previous to the death of the other spouse, has willfully neglected or refused to perform the duty to support the other spouse, or who for one year or upwards has willfully and maliciously deserted the other spouse, shall have no right or interest under this chapter in the real or personal estate of the other spouse.

(2) A spouse shall have no right or interest under this chapter in the real or personal estate of the other spouse if:

(i) the other spouse dies domiciled in this Commonwealth during the course of divorce proceedings;

(ii) no decree of divorce has been entered pursuant to 23 Pa.C.S. § 3323 (relating to decree of court); and

(iii) grounds have been established as provided in 23 Pa.C.S. § 3323(g).

20 Pa.C.S.A. § 2106(a).

We address the court's ruling under subsection (a)(2) of the forfeiture statute first. Wife filed her complaint in divorce pursuant to Pa.C.S.A. § 3301(c), the "no-fault" provision.[4] Brief in Opposition to Administratrix's Claim, 2/12/16, at 2 and Exhibit 2. Accordingly, for purposes of section 3323(g), as incorporated in section 2106(a)(2)(iii), grounds are established

_____

[4] With respect to subsections 2106(a)(2)(i) and (ii), Decedent died a domiciliary of the Commonwealth of Pennsylvania and no final decree of divorce was entered prior to his death.

where both parties have filed affidavits of consent.[5]  Here, Decedent never filed an affidavit of consent.  Accordingly, grounds were not established under section 3323(g) and the trial court erroneously concluded that Wife had forfeited her intestate share under section 2106(a)(2).

The court also found that Wife had forfeited her spousal share under section 2106(a)(1), which requires a finding that the surviving spouse has either (1) willfully neglected or refused to perform the duty to support, or (2) willfully and maliciously deserted the other spouse.[6]  Where non-support is proven, desertion need not be shown.  In re Nixon's Estate, 159 A. 172 (Pa. Super. 1932).

Here, the court based its finding of forfeiture on the "non-support" provision of section 2106(a)(1), and found as follows:

> [T]he facts of this case, as provided to the [c]ourt in the [b]riefs filed by counsel, demonstrate that the parties separated on April 14, 2007 and [Wife] filed a [c]omplaint in [d]ivorce on January 23, 2008.  Thereafter, she filed a [p]etition for [e]xclusive

_____

[5] Where a no-fault divorce is sought, grounds may also be established under section 3323(g) if the presumption in section 3301(c)(2) is established and one party has filed an affidavit of consent.  Under section 3301(c)(2), the consent of a party is presumed where that party has been convicted of committing a personal injury crime against the other party.  That presumption is not applicable here.

[6] The court in this matter did not find forfeiture based on desertion.  However, in light of the family court order directing Decedent to vacate the marital residence, it would seem unlikely that Appellees could establish willful and malicious desertion on the part of Wife.  Neither the withdrawal of one party from the marital residence for reasonable cause, such as the husband's bad conduct, nor the separation of the parties by consent, constitutes desertion. In re Lodge's Estate, 134 A. 472, 473 (Pa. 1926).

[p]ossession of the [m]arital [r]esidence, which resulted in a [c]onsent [o]rder, wherein the Decedent agreed to move from the marital residence no later than mid-November of 2009, which he did. [Wife] arguably would have had a duty to support the Decedent, if he had filed an action against her for spousal support. He did not do so and [Wife] did not voluntarily support the Decedent from at least mid-November 2009 until his death almost four years later.

Trial Court Opinion, 12/16/16, at [3-4].

Wife argues that the Orphans' Court made its determination "without any evidence or testimony" and that the record does not support a finding of forfeiture. We agree.

The burden of establishing a forfeiture, in the first instance, is upon those who claim such forfeiture[,] although the facts in a particular case may shift the burden to the claimant husband or wife to establish that there had been no . . . refusal to support. In addition, it must always be remembered that forfeitures are not favored in the law and must be strictly construed.

In re Wallace's Estate, 263 A.2d 421, 422 (Pa. 1970) (internal citations omitted).

Here, the burden was on the Appellees to prove that Wife had "willfully neglected or refused to perform the duty to support" Husband for one year or more prior to his death. However, the court held no hearing and took no evidence, opting instead to render its decision based solely on the parties' briefs.[7] Accordingly, there is no evidentiary record to support the court's

_____

[7] We note that both the court and the parties ignored fundamental procedure on numerous occasions in this matter. Wife never formally filed a petition for adjudication, and the court did not require that she do so. Accordingly, there is no official record of Wife's claim to her intestate share. In addition, the Appellees, as the party challenging Wife's entitlement to her spousal share,

- 8 -

conclusion that Wife had a duty to support Decedent, or that she willfully neglected or refused to perform that duty. Indeed, the court's finding is based on nothing more than speculation that Wife "arguably would have had a duty to support" Decedent. When a trial court purports to make findings of fact, as it did here, there must be an evidentiary basis upon which to do so. Tecce v. Hally, 106 A.3d 728, 736 n. 4 (Pa. Super. 2014). Because there is no record evidence upon which the court could possibly have concluded that Wife owed Decedent a duty of support, much less that she willfully neglected or refused to perform that duty, the court erred in finding that she forfeited her right to her spousal share.

Order reversed.

_____

never filed formal objections, or any other pleading, requesting that Wife be deemed to have forfeited her spousal share. Again, the court never required such a pleading be filed. Finally, although there are clearly issues of fact in this matter as to whether Wife owed Decedent a duty of support and, if so, whether her failure to provide support was willful, the court inexplicably determined that such issues did not exist, declined to hold a hearing, and concluded it could decide the claim as a matter of law on the basis of briefs. We find the court's failure to create a complete record in this matter to be troubling.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2017