J-A14009-18

2018 PA Super 225

| IN RE: ESTATE OF ISABEL CARRASQUILLO RIVERA | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| APPEAL OF: WILFREDO RIVERA | : | No. 3697 EDA 2017 |

Appeal from the Decree Entered October 23, 2017
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s): 1817 DE of 2014

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

OPINION BY GANTMAN, P.J.:                    **FILED AUGUST 08, 2018**

Appellant, Wilfredo Rivera, appeals from the decree and adjudication, entered in the Philadelphia County Court of Common Pleas Orphans' court, which denied Appellant's objections to the first and final account of Appellee, Idaly Irizarry-Zayas, Administratrix for the Estate of Isabel Carrasquillo Rivera, deceased.  We affirm.

The Orphans' court opinion fully and correctly set forth the relevant facts and procedural history of this case as follows:

> Isabel Carrasquillo Rivera ("Decedent") died intestate on May 7, 2014, survived by her husband Wilfredo Rivera and her daughters Idaly Irizarry-Zayas ("Appellee") and Isolina Rivera Vargas.  Appellee was appointed as Administratrix of the Estate of Isabel Carrasquillo Rivera by the Register of Wills on June 12, 2014.  On November 28, 2016, Appellee filed a first and final account.  On January 23, 2017, Appellant filed objections to said account, including but not limited to the transfer of twenty-four properties from Decedent to Appellee.
>
> The [c]ourt held a hearing and received testimony on October 10, 2017 and October 11, 2017.

_____
*   Retired Senior Judge assigned to the Superior Court.

At the hearing, Appellant presented two witnesses. Appellant testified on his own behalf. Appellant testified that most of the twenty-four properties in question were acquired after he married Decedent in 1980 but there was no testimony as to how the properties were acquired. Appellant testified that Decedent ran the business aspect of the properties but that he performed manual labor at the properties. On cross-examination, Appellee presented Appellant with twenty-three deeds that transferred properties from Decedent to Appellee in April 2014. Appellant's name is not on the twenty-three deeds. Only Decedent's name was on said deeds. 3946 Horrocks Street was the only deed in both Decedent and Appellant's name. The twenty-fifth property on Orkney Street is still titled in Appellant's name. Appellant testified that he was present when all of the deeds were executed. Appellant testified that he did not ask the lawyer, Decedent, Appellee or Isolina Rivera [Vargas] any questions at the time of the execution. He had no objection at the time of execution. On re-direct, Appellant stated that Decedent signed all the deeds in his presence. Appellant testified that he currently lives in an apartment owned by Appellee rent free and receives $1,000 a month from her. Wilfredo Rivera, Jr. also testified on direct.

Appellant submitted the following into evidence: marriage license; receipts; bank statements; tax return; photos; death certificate; obituary; petition for grant of letters and notice of inheritance tax. After Appellant rested his case, this [c]ourt granted Appellee's [m]otion for nonsuit on objections related to the transfer of real estate property. Based on evidence presented at the hearing, this [c]ourt found that the original deeds were in Decedent's name only and she executed all transfers in the presence of Appellant. Moreover, Appellant presented no evidence, medical or otherwise, that showed Decedent was either incapacitated or in any way incapable of executing said deeds.

Appellee then testified in her case-in-chief. Appellee testified as to the accounting and her administration of the estate. She testified that there was $84,936.75 in administration expenses which included funeral expenses, inheritance tax, debts of decedent and attorney's fees. She testified that since the estate was insolvent she paid the

- 2 -

excess expenses out of her business account. The real estate business is in her name. She further stated that none of the estate's funds were used to pay the attorney firms. Appellee submitted the following into evidence: twenty-four deeds; State Farm Document; Account and attorney's fees.

This [c]ourt denied Appellant's remaining objections in a Decree and Adjudication dated October 20, 2017.[1]

On November 16, 2017, Appellant filed a Notice of Appeal. Statements of [Errors] Complained of on Appeal were requested and properly tendered on December 8, 2017.

(Orphans' Court Opinion, filed February 6, 2018, at 1-3) (internal citations to record omitted).

Appellant raises the following issues for our review:

WHETHER THE ORPHANS' COURT COMMITTED AN ERROR OF LAW, AND THEREFORE ABUSED ITS DISCRETION, WHEN IT EXCLUDED FROM THE ELECTIVE ESTATE PROPERTIES AND/OR THEIR VALUES THAT SHOULD HAVE BEEN INCLUDED THEREIN WHERE SAID PROPERTIES AND/OR THEIR VALUES WERE CONVEYED BY DECEDENT WITHIN A YEAR OF HER DEATH WITHOUT APPELLANT SPOUSE'S EXPRESS CONSENT.

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN NOT EXERCISING, *SUA SPONTE*, THE COURT'S EQUITY JURISDICTION TO RETURN TO APPELLANT THE VALUE OF WHAT HE HAD LOST AS A RESULT OF HIS WIFE'S DEPLETION OF ASSETS THEY BOTH WORKED TO AMASS WHERE THE LAW COULD NOT AFFORD APPELLANT FULL, PERFECT AND COMPLETE RELIEF AS A LEGAL REMEDY.

(Appellant's Brief at 6).

In his issues combined, Appellant first argues he is entitled to what he

---

[1] The court's decree and adjudication was dated October 20, 2017, and filed with notice sent to the appropriate parties on October 23, 2017.

calls an "elective share," under 20 Pa.C.S.A. § 2203(a)(6), of one-third of the property conveyed by Decedent during the marriage and within one year of her death, to the extent that the aggregate amount conveyed to each donee exceeded $3,000.00, as valued at the time of conveyance, because he did not expressly consent to any of the conveyances, as required by 20 Pa.C.S.A. § 2203(b)(1). Appellant contends his failure to object at the time of the transfers was mere acquiescence on his part. In other words, Appellant submits the transfer of the deeds, in his presence, and his failure to ask questions or object, is not indicative of his express consent for purposes of Section 2203(b)(1).

Alternatively, Appellant complains the court should have exercised its equitable powers to ensure he received the value of what he lost in the estate due to the realty transfers to Appellee. Appellant states he spent almost thirty-five years of his life working with Decedent to build up and maintain a real estate business of considerable value. Appellant contends equity should have stepped in to promote justice and include the value of the transferred properties in Decedent's estate so Appellant could claim his "spousal share" of an undiminished estate. Appellant concedes that twenty-three of the properties were not *de jure* tenancies by the entireties, but he states he "co-owned" those properties nonetheless because they were subject to a *de facto* tenancy by the entireties. Appellant highlights his tireless work in maintaining the properties and devotion to Decedent as confirmation that all of the

properties conveyed were subject to a *de facto* tenancy by the entireties, despite the transfers. Appellant understands the court might not have been able to order the properties retroactively re-titled, but it could have allowed Appellant to claim against the value of the properties, given his "joint interest" in the properties. Appellant also notes that while Appellee allows him to live rent-free in one of the properties and provides monthly financial support to him, this agreement is subject to termination at will of Appellee. Appellant concludes the court erred and abused its discretion when it excluded from Decedent's intestate estate those properties transferred approximately one month before Decedent's death and when it failed to exercise its equitable powers to afford him his full statutory remedy. For the reasons that follow, we cannot agree with Appellant.

Initially, we observe:

> Our standard of review of the findings of an [O]rphans' court is deferential.
>
>> When reviewing a decree entered by the Orphans' [c]ourt, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' [c]ourt sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.
>>
>> However, we are not constrained to give the same deference to any resulting legal conclusions.
>
> [T]he Orphans' court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law.

*In re Estate of Whitley*, 50 A.3d 203, 206-07 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013) (internal citations and quotation marks omitted). *See also In re Estate of Luongo*, 823 A.2d 942, 951 (Pa.Super. 2003) (stating same). "An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused." *Silver v. Pinskey*, 981 A.2d 284, 291 (Pa.Super. 2009) (*en banc*) (quoting *Mencer v. Ruch*, 928 A.2d 294, 297 (Pa.Super. 2007)). "Our scope of review is also limited: we determine only whether the court's findings are based on competent and credible evidence of record." *In re Estate of Karschner*, 919 A.2d 252, 255-56 (Pa.Super. 2007) (quoting *In re Estate of Westin*, 874 A.2d 139, 142 (Pa.Super. 2005)).

Appellant's argument implicates the following statutes, which provide in relevant part, as follows:

**§ 2102. Share of surviving spouse**

The **intestate** share of a decedent's surviving spouse is:

(1) If there is no surviving issue or parent of the decedent, the entire intestate estate.

(2) If there is no surviving issue of the decedent but he is survived by a parent or parents, the first $30,000 plus one-half of the balance of the intestate estate. …

(3) If there are surviving issue of the decedent all of whom are issue of the surviving spouse also, the first

$30,000 plus one-half of the balance of the intestate estate.

(4)  If there are surviving issue of the decedent one or more of whom are not issue of the surviving spouse, one-half of the intestate estate.

(5)  In case of partial intestacy any property received by the surviving spouse under the will shall satisfy *pro tanto* the $30,000 allowance under paragraphs (2) and (3).

20 Pa.C.S.A. § 2102 (emphasis added).  Section 2102 applies to a surviving spouse of a decedent who dies intestate.  ***Id.***  A "spousal share" can be forfeited, as provided in Section 2106, which governs forfeiture of a spouse's share under certain conditions.  20 Pa.C.S.A. § 2016(a).

Under the "elective share" provisions in Section 2203, a surviving spouse can assert elective rights as follows:

**§ 2203.  Right of election; resident decedent**

**(a) Property subject to election.**—Except as provided in subsection (c) [divorce], when a married person domiciled in this Commonwealth dies, his surviving spouse has a right to an elective share of one-third of the following property:

(1) Property passing from the decedent by will or intestacy.

(2)  Income or use for the remaining life of the spouse of property conveyed by the decedent during the marriage to the extent that the decedent at the time of his death had the use of the property or an interest in or power to withdraw the income thereof.

(3) Property conveyed by the decedent during his lifetime to the extent that the decedent at the time of his death had a power to revoke the conveyance or to consume, invade or dispose of the principal for his own benefit.

(4) Property conveyed by the decedent during the marriage to himself and another or others with right of survivorship to the extent of any interest in the property that the decedent had the power at the time of his death unilaterally to convey absolutely or in fee.

(5) Survivorship rights conveyed to a beneficiary of an annuity contract to the extent it was purchased by the decedent during the marriage and the decedent was receiving annuity payments therefrom at the time of his death.

(6) Property conveyed by the decedent during the marriage and within one year of his death to the extent that the aggregate amount so conveyed to each donee exceeds $3,000, valued at the time of conveyance.

In construing this subsection, a power in the decedent to withdraw income or principal, or a power in any person whose interest is not adverse to the decedent to distribute to or use for the benefit of the decedent any income or principal, shall be deemed to be a power in the decedent to withdraw so much of the income or principal as is subject to such power, even though such income or principal may be distributed only for support or other particular purpose or only in limited periodic amounts.

**(b) Property not subject to election.**—The provisions of subsection (a) shall not be construed to include any of the following except to the extent that they pass as part of the decedent's estate to his personal representative, heirs, legatees or devisees:

(1) Any conveyance made with the express consent or joinder of the surviving spouse.

\*    \*    \*

20 Pa.C.S.A. § 2203(a)-(b)(1). Section 2203(a)(1)-(6) codifies the property subject to an elective share by a surviving spouse passing upon the death of a decedent. 20 Pa.C.S.A. § 2203(a). Section 2203(b)(1) indicates one form

of property not subject to an elective share. 20 Pa.C.S.A. § 2203(b)(1-4).

As a general rule, the statutes governing a spousal share of a decedent's estate and an elective share of a decedent's estate operate differently. *In Re: Estate of Scarpaci*, 176 A.3d 885 (Pa.Super. 2017). The spousal share provisions and the elective share provisions should not be conflated as to terms, requirements, and consequences. *Id.* at 889. For example, the spousal share under Section 2101 is not subject to the time limitations set forth in 20 Pa.C.S.A. § 2210 for seeking an elective share under Section 2203. *Id.* The procedural requirements codified in Section 2210 refer only to the "surviving spouse of a decedent who dies testate." *Id.*

In the present case, the Orphans' court reasoned as follows:

> **F. This court took Appellant's testimony [into] account and weighed it appropriately.**
>
> Appellant asserts that this court failed to take into consideration [Appellant's] testimony and that English is not his first language. This claim is without merit.
>
> If the witness is not testifying as an expert, the witness testimony in the form of opinions or inferences is limited to those opinions or inferences which are rationally based on the perception of the witness, helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and not based on scientific technical, or other specialized knowledge within the scope of Rule 702.
>
> There was no evidence presented as to what transpired during the *inter vivos* transfer other than who was present. Accordingly there is no evidence to consider. A language issue does not give [Appellant] any greater rights. Once a person enters into a written agreement, he builds around himself a stone wall, from which he cannot escape by merely

asserting he had not understood what he was signing. One who signs an instrument without reading it, or, if unable to read, without having it read to him, is guilty of negligence and has no remedy in equity or at law. Appellant's reference to [his] signing a power of attorney is of no relevance here. Neither Decedent's nor Appellant's power-of-attorney are at issue here. Decedent signed the deeds herself as the sole owner. Appellant signed the only deed listed in his name and he authenticated said deed and signature at trial. He testified that he did not ask his daughters or the attorney any questions. No objection was raised until after Decedent's death. The other twenty-three deeds were not in Appellant's name. Appellant had a Spanish interpreter at the hearing. No language issue was presented with respect to language being a factor at the hearing. Moreover, based on this court's previous analysis, there was no undue influence or duress nor any evidence that language was a factor during the *inter vivos* real estate transfer. Therefore this claim is without merit.

**G. There was no evidence presented as to when and how the properties were acquired.**

Appellant asserts there was sufficient evidence to show that [he] acquired the properties with the deceased through the marriage. This claim is without merit.

There was no evidence other than Appellant's self-serving statement that the properties were acquired at some point during the marriage. No testimony was given regarding dates or even a time frame for acquisition of the referenced properties. No explanation was provided as to why the properties were only in [D]ecedent's name if in fact they were acquired jointly. No agreements of sale or deeds of their acquisition were presented. In fact, the only evidence of the 2014 property transfers was presented by Appellee during the cross-examination of Appellant. There was no evidence submitted by either side as to how or when the properties were originally acquired. Therefore this claim is without merit.

\*   \*   \*

***Conclusion***

- 10 -

> Based on the record, this [c]ourt's Decree…, [d]enying Appellant's objections should be **AFFIRMED**.

(Orphans' Court Opinion at 10-11) (internal citations and quotation marks omitted).  We agree.

Here, Decedent died wholly intestate.   As the surviving spouse, Appellant was theoretically entitled to a spousal share of Decedent's estate. ***See In Re: Estate of Scarpaci, supra***.  Section 2102(4) governs Appellant's statutory spousal share, which was not subject to the procedural requirements of Section 2210.  ***See id.***

Appellant appears to conflate the statutes governing spousal share and elective share and his cross-references are confusing and misplaced.  Because Decedent died wholly intestate, the spousal share statute controls any claim Appellant has to Decedent's estate.  ***See*** 20 Pa.C.S.A. §§ 2102 *et seq.*  If Appellant had been able to pursue an elective share against the estate, his "lack of consent" argument could be a consideration under Section 2203(b)(1).  Nevertheless, properties were conveyed prior to Decedent's death and did not pass as part of her estate.  ***See*** 20 Pa.C.S.A. § 2203(b)(1) (excluding from property subject to election those conveyances made with express consent or joinder of surviving spouse except to extent that they pass as part of decedent's estate to personal representative, heirs, legatees or devisees).

Moreover, Pennsylvania jurisprudence has not adopted Appellant's

proposed "*de facto* tenancy by entireties" to real property. ***See Constitution Bank v. Olson***, 620 A.2d 1146, 1151 (Pa.Super. 1993) (holding tenancy by entireties requires legal unity of time, title, possession, interest, and marriage). A tenancy by the entireties requires a legally binding marriage plus the satisfaction of all four unities, which are further defined below:

> Unity of time requires that the interests of the tenants vest at the same time. Unity of title requires the tenants to have obtained their title by the same instrument. … Unity of possession requires the tenants to have an undivided interest in the whole estate. … Unity of interest requires the tenants to have estates in the property of the same type, duration and amount.

***Fenderson v. Fenderson***, 685 A.2d 600, 607 (Pa.Super. 1996), *appeal denied*, 548 Pa. 670, 698 A.2d 594 (1997) (internal citations and quotations omitted).

Here, the record demonstrates that when Decedent died, the parties were married but twenty-three of the deeds to the properties in question were titled solely in Appellee's name. Regardless of his testimony about his sweat equity in those properties, Appellant failed to show that **at the time of Decedent's death**, he and Decedent held title to any of the transferred properties as tenants by the entireties. ***See Constitution Bank, supra***. Thus, the record supports the court's decision to exclude from Decedent's estate those properties Decedent and/or Decedent and Appellant transferred to Appellee during Decedent's lifetime. Based upon the foregoing, we hold Appellant established no right by law or equity to a spousal share of the real

estate transferred during Decedent's lifetime, and the Orphans' court properly denied Appellant's objections to the first and final account of Appellee as Administratrix for the Estate of Isabel Carrasquillo Rivera, deceased, on the grounds asserted. Accordingly, we affirm.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/18