## Estate of Alamenczak, alias Kaznowski.

*Decedents' estates—Allowance of $5,000—Neglect and desertion by husband—Acts of June 7, 1917, P. L. 429, and July 11, 1917, P. L. 755.*

1. A husband will be allowed $5,000 from his deceased wife's estate, as provided by the Act of June 7, 1917, P. L. 429, and July 11, 1917, P. L. 755, if the court finds from sufficient evidence that he had not, for a period of one year or more prior to his wife's death, wilfully neglected to provide for her or wilfully and maliciously deserted her.

Argued April 30, 1923. Appeal, No. 132, Jan. T., 1923, by Kate Dombrowski, sister of deceased, from decree of O. C. Erie Co., Nov. T., 1921, No. 135, dismissing exceptions to allowance of petition and confirmation of appraisement in estate of Mary Alamenczak, alias Mary Kaznowski. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to allowance of petition and confirmation of appraisement. Before CLARK, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Kate Dombrowski, sister of deceased, appealed.

*Errors assigned,* inter alia, were decrees, quoting record.

*M. Levant Davis,* with him *Francis T. Nagorski,* for appellant.

*John B. Brooks,* with him *Charles H. English* and *Francis P. Quinn,* for appellee.

PER CURIAM, May 23, 1923:

Frank Kaznowski petitioned the court below for appointment of appraisers to set apart property to the amount of $5,000 from his deceased wife's estate, allowed to a surviving spouse by section 2 of the Act of June 7, 1917, P. L. 429, 431, as amended by Act of July 11, 1917, P. L. 755. An answer was filed which avers the petitioner "is not legally entitled to his claim......for the reason that he has, for a period of nearly two years prior to the decease of the said Mary Alamenczak......wilfully neglected and refused to provide for her and did wilfully and maliciously desert her." The claim was allowed, and this appeal followed.

Section 5 of the Act of June 7, 1917, supra, provides: "No husband who shall have, for one year or upwards previous to the death of his wife, wilfully neglected or refused to provide for his wife, or shall have for that period or upwards wilfully and maliciously deserted her, shall have the right to claim any title or interest in her real or personal estate after her decease, under the provisions of this act."

The court below concluded correctly that the evidence failed to show either a wilful neglect to provide for the wife or a wilful and malicious desertion of her by the petitioner; hence it did not err in allowing the relief sought: Phillips' Estate, 271 Pa. 129, 132.

The decree is affirmed; costs to be paid out of the estate.