Buckley Estate.

Submitted December 2, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Martin A. Flanagan,* for appellant.

*Charles C. Arensberg,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 3, 1944:

Thomas Joseph Buckley, surviving husband of the decedent, elected to take against her will. Those inter-

ested in the estate contended, and the orphans' court found as a fact, that the husband had, for one year and upwards previous to the death of his wife, wilfully neglected or refused to provide for her, and for that period wilfully and maliciously deserted her. The rights of the husband, in such circumstances, are barred by the Intestate Act of June 7, 1917, P. L. 429, section 5, 20 PS section 41. Our sole inquiry therefore is whether the court below had sufficient proof to support its findings.

Jennie T. Buckley died in 1941. The husband was shown to have been a persistent criminal, and to have been incarcerated in various prisons in this Commonwealth and in the State of Ohio. At the time of the audit he was still serving from 2½ to 5 years in prison following his most recent sentence, on February 8, 1940, on the charge of burglary.

While the burden of proof of desertion and non-support of a surviving spouse originally was upon the heirs, the facts appearing in this record shifted the burden to the husband to establish that there had been no desertion and non-support: *Schreckengost's Estate,* 77 Pa. Superior Ct. 235; *Mehaffey's Estate,* 102 Pa. Superior Ct. 228, 156 A. 746; *Nixon's Estate,* 104 Pa. Superior Ct. 506, 159 A. 172. This burden the husband wholly failed to meet. It was not incumbent upon the heirs to show *both* desertion and non-support, but merely to show one or the other.

While the incarceration of the husband for a year and upwards might not of itself establish either wilful desertion or non-support, yet in the facts of this case the persistent course of criminal conduct and the various imprisonments since 1926, in this and another state, raise a presumption that during such period, and particularly since 1940, the husband failed to support his wife. The burden was therefore placed upon the husband to establish that during the intervening periods of freedom from imprisonment the husband did in fact support his wife, and that his failure to support his wife

for a year or upwards previous to her death was not wilful neglect or refusal to provide for the wife, but was due solely to his incarceration. This the husband wholly failed to do.

The decree is affirmed; costs to be paid by the appellant.