## Zanfino Estate.

Argued October 13, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Harry Alan Sherman,* for appellant.

*Frank Reich,* with him *Harry J. Benjamin,* for appellee.

OPINION BY MR. JUSTICE BELL, November 9, 1953:

A very narrow question is presented by this appeal: Were the following facts, which were admitted by the pleadings, sufficient to deprive a husband of his right of election to take against his wife's will?

Decedent and Louis Zanfino were married April 29, 1949, and separated on May 15, 1949. They never actually cohabited together during their married life. Decedent filed a libel in divorce against Louis Zanfino at an undisclosed date, but the case was never heard. On June 21, 1949, decedent made her last will in and by which she bequeathed and devised her entire estate to her niece.

Decedent died April 10, 1950. Louis Zanfino, her husband, filed an election to take against her will on July 3, 1950. Louis Zanfino (a) never contributed to the support of his wife, and (b) wilfully and maliciously deserted her on May 15, 1949, and (c) by reason of the embarrassment, humiliation and distress inflicted by Louis Zanfino, Mary, his wife, committed suicide on April 10, 1950.

Assuming the truth of all of these averments, the last of which appears very far fetched, each of them is devoid of legal significance or merit.

Failure of a husband and wife to cohabit does not invalidate a valid marriage. Two kinds of marriage are recognized in Pennsylvania: (1) Ceremonial, which petitioner avers this was; and (2) Common law. A ceremonial marriage is a wedding or marriage performed by a religious or civil authority with the usual or customary ceremony or formalities. It requires no cohabitation to validate it. Cohabitation plus reputation are essential only in a common law marriage,

where, when conjoined, they may give rise to a presumption of marriage. See *Kerwin Estate,* 371 Pa. 147, 162, 163, 89 A. 2d 332, and cases therein cited.

Petitioner relies mainly upon §9(a) of the Wills Act of April 24, 1947, P. L. 89, §9, 20 PS 180.9 which reads as follows: "Section 9. Forfeiture of Right of Election.—(a) By Husband. A husband, who for one year or upwards previous to the death of his wife, shall have wilfully neglected or refused to provide for her, or who for that period or upwards shall have wilfully and maliciously deserted her, shall have no right of election." The language and, we believe, the intention of the Act could not be clearer. It gave to a husband and wife a locus penitentiae of at least one year to become reconciled or, in the case of the husband, to provide for his wife. Any desertion or wilful non-support short of a year was insufficient. Moreover, forfeitures are not favored in the law and must be strictly construed: *United States v. One 1936 Model Ford,* 307 U. S. 219, 59 S. Ct. 861; 37 C.J.S., §4(b), page 8.

It is too clear for further discussion that the husband in this case has not forfeited his right of election to take against his wife's will and we cannot rewrite the statute.

Decree affirmed at appellant's cost.