Banks Estate.

Argued January 10, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert A. Wright,* for appellant.

*Paul C. VanDyke,* with him *Cochrane and Van-Dyke,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, March 19, 1963:

This appeal raises the question whether, under the factual situation presented, a husband, by wilful and malicious desertion or by wilful neglect or refusal to support, had forfeited his right to elect to take against the will of his deceased wife?

Sometime in 1924 Anna E. Dudley (decedent) and Samuel H. Dudley (Dudley) were married and thereafter lived together at 1207 West Second Street, Chester, Pa. until sometime in 1929. In 1929 the parties began living separate and apart; on behalf of the decedent's estate it is contended that this separation occurred because of Dudley's ill treatment of decedent while Dudley contends that the separation occurred when, as the result of an argument between the parties because of some other woman, decedent left the matrimonial domicile. It is undisputed that from 1929 until the decedent's death on November 7, 1961 the parties never lived together again. After the separation, decedent went to live at 1617 West Third Street, Chester; after remaining a short period of time in the matrimonial domicile, Dudley went to live with one Florence Johnson at 188 Norris Street, Chester. Sometime in 1930 or 1931 the decedent entered into an "informal relationship" with one John Banks and thereafter used the name "Anna Elizabeth Banks" as well as "Anna E. Dudley".

Decedent, both during the time she lived with Dudley and thereafter during most of her life, worked regularly and in 1940 she purchased the property at 1617 West Third Street wherein she lived with her sister,

Mrs. Phillips, her brother, John Purgeon, and John Banks. The taxes on the property were paid by John Purgeon and both Mrs. Phillips and John Purgeon aided decedent in the upkeep and repair of the property.

In April, 1952 decedent made a will wherein she stated, inter alia: "FIFTH: In providing aforesaid, I am not unmindful of Samuel H. Dudley, with whom I entered into a contract marriage and who permanently deserted and abandoned me more than twenty years ago while I was residing in my home aforesaid, and who continuously since said time has neither cohabited with me nor supported me nor tendered to me any support whatsoever. Under such circumstances my attorneys advise me that the said Samuel H. Dudley is legally incapable of taking against this will and it is my express wish that he take nothing hereunder".

Shortly after decedent's death, Dudley filed an election to take against her will. Mrs. Phillips, decedent's sister and executor, then filed a petition in the Orphans' Court of Delaware County to vacate and set aside the election of Dudley on the ground that he had forfeited his right to an election under the Wills Act of April 24, 1947, P. L. 89, §9(a), 20 PS §180.9. After answer filed by Dudley, a hearing was held before the Honorable E. L. VAN RODEN who held that Dudley by reason of *both* wilful and malicious desertion and wilful neglect and refusal to support, had forfeited his right to an election. From that decree Dudley has taken this appeal.

Forfeiture of the right to elect to take against a will is a creature of statute. Section 9(a) of the Wills Act, supra, provides: "(a) . . . A husband, who for one year or upwards previous to the death of his wife, shall have wilfully neglected or refused to provide for her, or who for that period or upwards shall have wilfully and maliciously deserted her, shall have no

right of election". The burden of establishing a forfeiture, in the first instance, is upon those who claim such forfeiture (*Hudak Estate,* 383 Pa. 278, 280, 118 A. 2d 577; *Jac Estate,* 355 Pa. 137, 142, 49 A. 2d 360) although the facts in a particular case may shift the burden to the claimant husband or wife to establish that there had been no wilful or malicious desertion or wilful neglect or refusal to support (*Buckley Estate,* 348 Pa. 311, 312, 35 A. 2d 69). However, in any instance, it is not the burden of those claiming a forfeiture to prove *both* desertion and non-support; proof of either will suffice: *Buckley Estate,* supra, 312.

On this review we are bound by certain well-established principles of law: "(1) where a trial judge sits without a jury, his findings of fact, approved by a court en banc, possess the conclusive equivalence of a jury verdict and, if such findings of fact are supported by the evidence, we neither overrule such findings of fact nor substitute our judgment for that of the trial court: [citing cases]; (2) if, however, the findings of fact are clearly or manifestly erroneous or were arbitrarily made or if the record indicates that the trial judge failed to comprehend and understand the evidence, such findings of fact may be overruled: [citing cases]; (3) particularly is this rule applicable where the findings of facts are predicated upon the credibility of the witnesses and the weight of their testimony: [citing a case]; . . . .": *Claughton v. Bear Stearns & Co.,* 397 Pa. 480, 488, 156 A. 2d 314.

We have carefully reviewed all the testimony in this record and we are satisfied that the court below in its findings was fully supported by evidence competent and sufficient in nature, that such findings are not erroneous and were not capriciously or arbitrarily made. The evidence is clear that Dudley for a period of over a quarter century, without any justification therefor, was completely unmindful of his duties as a

126

husband toward his wife. We fully agree with the court below: "The entire picture reflected by the evidence in this case renders it unconscionable that this claimant should be permitted to share in his wife's estate. His continual neglect and failure to provide for the support of his wife from the separation in 1929 until her death on November 7, 1961 has not been properly explained to the satisfaction of the court,[1] nor has the husband shown any justification or excuse whatsoever for such conduct."

On the instant record it is clear beyond question that Dudley, by his conduct, has forfeited his right to take against the will of his deceased wife.

Decree affirmed. Costs on Dudley.

---

[1] Dudley's counsel stated of record to the court: "No, truthfully, we aren't going to take the position that he [Dudley] supported her".