**Wallace Estate.**

Argued January 8, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Roderick D. Mathewson,* for appellant.

*Frank T. Hazel,* with him *Reilly, Pearce, Lynch & O'Malley,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 20, 1970:

Russell L. Wallace and Edna N. Wallace, the decedent, were married on January 26, 1951. Edna died testate on May 26, 1968. In her will, she made no bequest to her husband, and indeed failed to mention him. Russell thereafter filed an election to take against his wife's will. Edna's executor filed a petition to revoke or vacate the surviving spouse's election, based upon the Wills Act of 1947, P. L. 89, §9(a), 20 P.S. §180.9(a). Section 9(a) provides that "a husband, who for one year or upwards previous to the death of his wife, shall have *wilfully* neglected or refused to provide for her, or who for that period or upwards shall have *wilfully* and maliciously deserted her, shall have no right of election."*

The lower Court revoked and vacated Russell's election to take against his wife's will. From that Court's Decree, Russell took this appeal.

In 1954, Edna and her husband Russell purchased a home, subject to a mortgage, as tenants by the entireties. It appears from the testimony that the couple experienced marital difficulties almost from the time of their marriage. As early as 1955, Russell refused to speak to his wife and would not eat breakfast or

---

* Italics, ours.

lunch with her, even though she requested him to do so. Furthermore, on numerous occasions, Russell physically abused his wife. Early in 1964, Edna moved to a separate bedroom, and in April 1965 she left their home and lived separately from her husband until her death.

Russell admits that he failed to provide for his wife for a period of one year and upwards prior to her death. However, he denies that such nonsupport was "wilful neglect or refusal to provide for her" within the meaning of Section 9(a) of the Wills Act of 1947.*

In *Banks Estate,* 410 Pa. 122, 189 A. 2d 154, the Court said (page 125): "The burden of establishing a forfeiture, in the first instance, is upon those who claim such forfeiture (Hudak Estate, 383 Pa. 278, 280, 118 A. 2d 577; Jac Estate, 355 Pa. 137, 142, 49 A. 2d 360) although the facts in a particular case may shift the burden to the claimant husband or wife to establish that there had been no . . . wilful neglect or refusal to support (Buckley Estate, 348 Pa. 311, 312, 35 A. 2d 69)." In addition, it must always be remembered that "forfeitures are not favored in the law and must be strictly construed: United States v. One 1936 Model Ford, 307 U.S. 219, 59 S. Ct. 861; 37 C.J.S., §4(b), page 8." *Zanfino Estate,* 375 Pa. 501, 503, 100 A. 2d 60.

The appellant husband contends that *Jury Estate,* 381 Pa. 169, 112 A. 2d 634, controls the present factual situation and requires us to reverse the lower Court's Decree. We disagree. In *Jury Estate,* the husband, who claimed his intestate share,** admitted he had not

---

* The executor makes no contention that there was a forfeiture because of a wilful and malicious desertion.

**The decedent wife left a will wherein she bequeathed her residuary estate to her "heirs, as provided by the intestate laws of the Commonwealth of Pennsylvania." Since the husband was claiming under the provisions of the will, Section 6(a) of the In-

contributed to his wife's support for two years prior to her death. However, the question involved was whether the husband's nonsupport of his wife for this period, without other evidence, raised a presumption that he had *wilfully* neglected or refused to provide for her. This Court said (page 176) : "In the instant case, the learned court below very effectively read out of the statute the qualifying adverb, 'wilfully', by imposing upon the husband the burden of going forward with evidence to disprove that his failure to provide for his wife had been wilful when all that had been shown was his nonsupport of his wife."

However, in *Jury Estate*, the collateral heirs did not introduce any evidence to prove that there had been a change in the marital arrangement from what it had been at its inception, which was undoubtedly consensual when it began. On the other hand, in the instant case, there is evidence that Edna and Russell contemplated the establishment of a common home, and in fact established one. It was because of Russell's maltreatment of her that Edna left the common abode. Moreover, Edna's executor presented substantial evidence of Russell's wilful neglect or refusal to provide for her, and that Russell made no real effort to establish a reconciliation.

In *Hudak Estate*, 383 Pa. 278, 118 A. 2d 577, the Court said (page 283) : "The fact that the husband has admitted that he has not supported his wife even with one payment and made no effort toward reconciliation is sufficient proof of his willful refusal to support his wife . . . ."

---

testate Act of 1947, P. L. 80, 20 P.S. §1.6(a), was the controlling statutory provision. However, the same forfeiture provision is contained in Section 9(a) of the Wills Act of 1947, P. L. 89, 20 P.S. §180.9(a), and therefore the same result would be reached whether the husband claimed against or under his wife's will.

In *Jury Estate,* 381 Pa., supra, the Court found the wife, a school teacher, was self-supporting and had no desire for any support from her husband. Moreover, her husband's total income for the period in question was $22.80, and he was obviously unable to support her. Under these circumstances, one cannot be said to wilfully neglect or refuse to provide for another if he or she is without financial means.

In the present case, Edna was in financial difficulty and desperately in need of financial support from her husband on several occasions. Furthermore, Edna's executor presented evidence that Russell was fully aware of his wife's financial condition, and he was at all times financially able to provide for her, since his yearly salary during the period in question was approximately $6,000.

To summarize: Russell's nonsupport of his wife, coupled with their nonconsensual separation after they had established a common home; Russell's failure to seek any real reconciliation with Edna after she left their common home; and Russell's knowledge of Edna's financial difficulties, and his being financially able to provide for her—these were sufficient facts to shift the burden of proof to Russell to establish that he had *not wilfully* neglected or refused to provide for his deceased spouse. This the claimant has failed to do.

Decree affirmed; appellant to pay costs.