## Baranowski Estate

*Arthur S. Herskovitz,* for executrix.

*John P. Dohanich,* for widow.

ROWLEY, J., July 9, 1974.—The issue in this case is whether decedent's widow forfeited her right of election to take against decedent's will.

Decedent, Frank Baranowski, died July 9, 1973. His will, dated March 16, 1960, was probated and letters testamentary were issued to his daughter, Olga Baranowski. On June 6, 1974, decedent's widow, Frances Baranowski, filed a notice of election to take against decedent's will in accordance with section 2510 of the Probate, Estates and Fiduciaries Code (P.E.F. Code). The beneficiaries of decedent's will, Olga Baranowski (his executrix), Arlene Getic and Frank Baranowski, Jr., all children of decedent, filed a petition to revoke  or vacate the election filed by decedent's widow. The basis of the beneficiaries' petition is that the widow forfeited her right of election by willfully and maliciously deserting decedent for a period of more than one year prior to his death.

The widow filed an answer to the petition specifically denying that she had willfully and maliciously deserted decedent. A hearing was set on the petition and answer for July 8, 1974. At the request of the widow, the hearing was continued until July 9, 1974. When the case was called for a hearing, counsel for the widow advised the court that he had been in telephone communication with his client that morning and that she had advised him that she no longer wished to proceed with the matter. Because the initial burden of establishing a forfeiture of the right of election is upon those who claim that there has been a forfeiture (Banks Estate, 410 Pa. 122 (1963) ), and because the widow had not specifically authorized her counsel to withdraw her election to take against decedent's will, a hearing was held. Although the widow did not appear or present any evidence, she was represented at the hearing by counsel.

Section 2509 of the P.E.F. Code provides that "[a] wife, who for one year or upwards previous to the death of her husband shall have willfully and maliciously deserted him, shall have no right of election."

In paragraph two of his will, decedent said:

"My wife, Frances Baranowski, having willfully and maliciously deserted me many years ago and persisted in such desertion ever since, I leave her nothing."

We cannot ignore or disregard this statement made by decedent some 13 years before his death. Judge van Roden of Delaware County said in Banks Estate, 12 Fiduc. Rep. 597 (1962):

"In view of the opportunity of a surviving spouse to testify without fear of direct testimony from the decedent, a solemn declaration made by the decedent in her lifetime relevant to the issue of forfeiture should not be totally ignored."

This decision was affirmed by the Supreme Court of Pennsylvania in Banks Estate, supra.

In addition to decedent's statement contained in his will, the evidence discloses that the widow left decedent's home in Aliuippa in 1944 or 1945. She left and traveled to California with a man by the name of Joe Stringfellow. Subsequently, Mrs. Baranowski had a child whom she identified as her son and the son of Mr. Stringfellow. She also endorsed and cashed a check sent to her by her daughter in the name of Frances Stringfellow. Since leaving her husband in 1944 or 1945, the widow never returned or made any effort to live with decedent or resume their marital relationship. The record also discloses that the widow, before leaving her marital domicile in Aliquippa, was accustomed to drinking to excess and was, at that time, "going with Mr. Stringfellow." There is testimony that decedent and his widow argued on many occasions about her drinking and running around. The evidence also discloses that decedent was guilty of no conduct which justified or warranted his wife in leaving him or her family. We think it is appropriate to infer that her sole reason for leaving the common domicile was her attachment to Mr. Stringfellow with whom she moved to California, rather than any misconduct on the part of decedent.

We, therefore, find that the widow did, in fact, willfully and maliciously desert decedent from about 1944 or 1945 until the date of his death. We conclude, therefore, that she has forfeited her right of election to take against decedent's will.

For these reasons, we make the following

## ORDER

Now, July 9, 1974, the election of Frances Baranowski to take against the will of decedent, Frank Bara-

nowski, filed June 6, 1974, is declared null and void; the said election is hereby revoked, vacated and set aside.