526 A.2d 746

**In re ESTATE OF Anthony KOSTICK, Deceased.**

**Appeal of Jean KOSTICK.**

Supreme Court of Pennsylvania.

Argued April 6, 1987.
Decided May 22, 1987.

R. Stuart Jenkins, Media, for appellant.

Francis R. Lord, Media, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issues presented for our consideration in this case are 1) whether the trial court erred by holding that a presumption of malicious desertion existed "upon proof that the surviving spouse had withdrawn from the marital domicile" under the forfeiture provisions of the Probate, Estate and Fiduciaries Code,[1] and 2) what evidentiary value is to be

---

**1.** Section 2208 provides as follows:

**Forfeiture of right of election**

A surviving spouse who under the provisions of section 2106 (relating to forfeiture) would not be entitled to a share of the decedent's estate had he died intestate shall have no right of election.

Act of April 18, 1978, P.L. 42, No. 23, § 3, effective in 60 days, 20 Pa.C.S. § 2208. Section 2106 provides, in relevant part:

**Forfeiture**

**(a) Spouse's share.**—A spouse who, for one year or upwards previous to the death of the other spouse, has willfully neglected or

accorded declarations in a decedent's will regarding a spouse's willful and malicious desertion.

Appellant, Jean Kostick, married decedent, Anthony Kostick, in December of 1943. In 1975, appellant left decedent and moved into an apartment with her children, the youngest of whom was then 17. Approximately three years later decedent passed away leaving a will which purported to disinherit his wife. The sixth paragraph of decedent's will provides:

> I leave nothing to my spouse, JEAN CHRISTY KOSTICK, because for a period in excess of one (1) year prior to the signing of this, my Last Will and Testament, she wilfully and maliciously deserted me, thereby giving up any title or interest she may have had in my real or personal estate.

Those designated to take under decedent's will were his four children then living and two of decedent's sisters.

Decedent's will and codicil were admitted to probate and letters testamentary were issued. Appellant filed a notice of election to take against the will and codicil. The trial court declared her election null and void after a hearing, and in so doing: 1) determined that a presumption of malicious desertion is created under the forfeiture provisions of the Probate, Estate and Fiduciaries Code simply upon proof that a spouse has left the marital domicile, and 2) found that appellant did not sustain her burden of proving that her withdrawal from the domicile was justified. A divided panel of Superior Court, by memorandum opinion, affirmed the decision of the trial court. 357 Pa.Super. 641, 513 A.2d 1080. We granted appellant's petition for allowance of appeal, and we now reverse.

This Court summarized the respective burdens of proof pursuant to the forfeiture provisions of the Probate, Estate

refused to perform the duty to support the other spouse, or who for one year or upwards has willfully and maliciously deserted the other spouse, shall have no right or interest under this chapter in the real or personal estate of the other spouse.

As amended 1976, July 9, P.L. 551, No. 135, § 5, immediately effective, 20 Pa.C.S. § 2106(a).

and Fiduciaries Code in *Fisher Estate,* 442 Pa. 421, 423–24, 276 A.2d 516, 518–19 (1971), as follows:

> In this area of the law we begin with the recognition that: "At common law no degree of misconduct by the surviving spouse resulted in a forfeiture of his or her rights in the estate of the deceased spouse. Forfeiture is based in statutes." *Hudak Estate,* 383 Pa. 278, 280, 118 A.2d 577, 579 (1955). *See, generally,* Annot., 13 A.L.R.3d 446 (1967). The concept of a wife's forfeiture is presently embodied in Section 6(b) of the Intestate Act of 1947: "Wife's share. A wife who, for one year or upwards previous to the death of her husband, shall have wilfully and maliciously deserted him, shall have no title or interest under this act in his real or personal estate."
>
> As a general statement of the law, we have reiterated on several occasions that the burden of proving a forfeiture rests upon the heirs. *See, e.g., Crater Estate,* 372 Pa. 458, 460, 93 A.2d 475, 477 (1953). In this same vein we also note that forfeitures are not favored in the law and are to be strictly construed. *See, e.g., Zanfino Estate,* 375 Pa. 501, 503, 100 A.2d 60, 61 (1953). Nonetheless, a presumption has developed in this Commonwealth that a spouse's desertion *without cause or consent,* will be presumed to be wilful and malicious within the meaning of Section 6(b). *See, Watt Estate,* 409 Pa. 44, 59, 185 A.2d 781, 788 (1962); *Jac Estate,* 355 Pa. 137, 142, 49 A.2d 360, 363 (1946); *Lodge's Estate,* 287 Pa. 184, 186–87, 134 Atl. 472, 473 (1926); *Phillip's Estate,* 271 Pa. 129, 132, 114 Atl. 375, 376 (1921); *Weller v. Weller,* 213 Pa. 265, 268, 62 Atl. 859, 860 (1906); *Fellabaum v. Alvarez,* 165 Pa. Superior Ct. 173, 177, 67 A.2d 788, 790 (1949). *See, also, Buckley Estate,* 348 Pa. 311, 35 A.2d 69 (1944). Accordingly, if the heir(s) prove a desertion, *without cause or consent,* the burden shifts to the spouse to establish the desertion was not wilful and malicious in order to obtain her intestate share.

(emphasis added) (footnote omitted). The current forfeiture provisions of the Probate, Estate and Fiduciaries Code are

virtually identical to the statute in effect when *Fisher* was decided.  See footnote 1 supra.

■ Thus, *Fisher* stands for the proposition that the mere fact of separation does not create a presumption of willful and malicious desertion.  The heirs must also prove that the desertion was "without cause or consent."  Appellant's admission that she had left the marital domicile and the statement in decedent's will regarding appellant's desertion provided the only "evidence" which would tend to support the heirs' claim that appellant's desertion was without cause or consent.  The trial court found that the "solemn declaration made by the decedent" created a presumption of willful and malicious desertion which was not rebutted by appellant's testimony and that of two of her children to the effect that life with decedent was intolerable.[2]

■ Although a will is defined as "the legal declaration of a man's intentions, which he wills to be performed after his death," *In re Cohen's Estate*, 445 Pa. 549, 553, 284 A.2d 754, 756 (1971), the statements contained therein have no evidentiary value as proof of a fact in issue.  *See, e.g., Horton Estate*, 357 Pa. 30, 52 A.2d 895 (1947) (declarations

**2.** Appellant testified that after the birth of their fifth child, decedent began to openly flaunt relationships with other women and regularly returned home from the bar and restaurant he owned drunk and bellicose.  Appellant, who worked in decedent's restaurant as a waitress, cashier and janitor, endured his contempt, his belligerence, his drinking and his overt philandering for 15 years.  In the interim, appellant was hospitalized with bleeding ulcers, and in 1971, surgeons removed three quarters of her stomach to alleviate her condition.  The trial court ruled that the testimony of appellant and her children was self-serving, *overlooking the fact that appellant's children would take less under decedent's will if appellant were to receive her elective share.*  Further, the trial court gave great weight to the fact that appellant remained with decedent during the years of mistreatment and inferred therefrom that such mistreatment could not have been sufficiently egregious as to justify appellant's desertion in 1975.  We do not address this inference today in that we find that the burden did not shift to appellant to prove justification.  We do note, however, that it is just as plausible an inference that a woman will endure barbarous treatment in a marriage, awaiting the day when her children reach the age at which they are better able to cope psychologically and economically with the separation of their parents.  In the instant action, appellant *did* initiate divorce proceedings when the children were younger, but did not follow it through to conclusion.

in will denying common law marriage are self-serving and not admissible to prove that marriage did not exist); *Estate of Eichelberger,* 135 Pa. 160, 19 A. 1006 (1890) (a debt cannot be created by a mere declaration in a will). Indeed, this Court has drawn an analogy between a will and a complaint in a civil action in that both serve to initiate judicial proceedings. *See Nagle v. Nagle,* 316 Pa. 507, 175 A. 487 (1934). As such, the statements contained in a will are akin to averments in a pleading and do not, of themselves, prove a matter in dispute or shift the burden of proof to a contestant, nor are they admissible as proof of a fact in issue.[3]

■ Thus, the only admissible evidence presented on behalf of the heirs, which was offered to prove willful and malicious desertion, was the testimony of decedent's brother and sister, who merely stated that decedent and appellant did not get along, although both witnesses admitted that they rarely spent time over the years in decedent's and appellant's joint home. Their testimony had no bearing upon the circumstances in existence at the time of appellant's separation from decedent. The heirs, having failed to present evidence to establish that appellant deserted the marital domicile without cause or consent, did not sustain their burden of proving desertion without cause or consent. We therefore uphold the validity of appellant's election to take against decedent's will.

Accordingly, we reverse the order of Superior Court affirming the lower court's decision denying appellant her elective share of decedent's estate.

ZAPPALA, J., did not participate in the consideration or decision of this case.

NIX, C.J., concurred in the result.

3. Appellant introduced decedent's will as evidence that the will existed and that she had been specifically disinherited thereunder in support of her election to take against the will. The trial court sua sponte relied upon decedent's declaration as evidence of the circumstances surrounding appellant's departure.